IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JAVIER SAENZ, JORGE JUAREZ, and REBECCA ARREDONDO, | § § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. EP 09 CV 0132 |
| AUSTIN ROOFERS SUPPLY, LLC d/b/a RSGRP AUSTIN, LTD and d/b/a ROOFING SUPPLY GROUP and ARTURO PORTILLO, | § § § § § § | |
| Defendants. | § | |

## PLAINTIFFS' MOTION FOR PARTIAL REMAND AND BRIEF IN SUPPORT

Plaintiffs Javier Saenz, Jorge Juarez and Rebecca Arredondo hereby file this Motion for Partial Remand and Brief in support, asking that the separate matters based on state law be remanded back to state court. This partial remand is being requested because 1) Plaintiff Arredondo filed a separate state law claim of assault against Defendant Arturo Portillo; 2) Plaintiff Arredondo filed separate state law claims of negligent training, supervision and retention against Defendant Austin Roofers Supply LLC related to the alleged assault and battery committed by Defendant Arturo Portillo; and 3) all Plaintiffs have filed separate state law claims of breach of contract based on commissions owed (unrelated to their overtime claims) against Defendant Austin Roofers Supply LLC. These claims are separate and independent from Plaintiffs' claims under the Fair Labor Standards Act.

## I.
## BACKGROUND FACTS

Plaintiff filed this lawsuit against Defendant on February 19, 2009 in El Paso County, Texas. Plaintiff's Original Petition (which is the live pleading in the case) asserts because 1) Plaintiff Arredondo filed a separate state law claim of assault against Defendant Arturo Portillo;

2) Plaintiff Arredondo filed a separate state law claim of negligent training, supervision and retention against Defendant Austin Roofers Supply LLC related to the alleged assault and battery committed by Defendant Arturo Portillo; and 3) all Plaintiffs have filed separate state law claims of breach of contract based on commissions owed (unrelated to their overtime claims) against Defendant Austin Roofers Supply LLC. These claims are separate and independent from Plaintiff's claims under the Fair Labor Standards Act.

Plaintiffs are not disputing this Court has subject matter jurisdiction over the Plaintiffs' claims under the Fair Labor Standards Act ("FLSA").

## II. DEFENDANT'S BURDEN

When considering a motion to remand, this Court imposes upon the removing party the burden of establishing the existence of subject matter jurisdiction. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995); *Jernigan v. Ashland Oil Co.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993). Courts construe removal statutes narrowly, resolving all doubts in favor of remand. *Walters v. Grow Group, Inc.*, 907 F.Supp. 1030, 1032 (S.D. Tex. 1995); *Samuel v. Langham*, 780 F.Supp. 424, 427 (N.D. Tex. 1992).

## III. ARGUMENTS & AUTHORITIES

**A.   Court has discretion to remand state claims if separate from FLSA claims**

When a district court exercises jurisdiction over a removed case, it has discretion to remand claims in which state law predominates. *See Smith v. Estate of Wagner*, 2006 U.S. Dist. LEXIS 68617, 2006 WL 2729282, at 10 (S.D. Tex. Sept. 25, 2006) ("When a separate and independent federal claim is joined with an otherwise non-removable claim, the defendant may remove the entire case, but this court may remand 'all matters in which [s]tate law predominates.'") (*quoting* 28 U.S.C. § 1441(c)); *see also U.S. Bank, N.A. v. City of Irving*, 2007

U.S. Dist. LEXIS 24080, 2007 WL 1073769, at 5 (N.D. Tex. Apr. 5, 2007) ("Though the court has jurisdiction over U.S. Bank's equal protection and Fourth Amendment claims, this court, in [its] discretion, finds that the state law claims predominate over these two federal claims. Thus, the court will not exercise supplemental jurisdiction over the state law claims. In the interests of comity, judicial economy, and convenience, the court remands the state law claims . . . [and] the court retains only the plaintiff's equal protection claim and Fourth Amendment claim.").

In fact, a court also has discretion to remand an entire case removed under section 1441(c) if state law predominates, *see Miller v. John Sexton Sand & Gravel Corp.*, 1996 U.S. Dist. LEXIS 21142, 1996 WL 909594, at 3 (N.D. Miss. Nov. 15, 1996) ("[T]he court concludes that a discretionary remand under § 1441(c) may involve remand of an entire action.") (footnote and citations omitted), and the court has broad discretion "in deciding whether or not '[s]tate law predominates,'" *Id.* (citation omitted); *accord Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 463 F. Supp. 2d 583, 596 (E.D. La. 2006) For remand to be proper, the claim remanded must be (1) a separate and independent claim or cause of action; (2) joined with a federal question; (3) otherwise non-removable; and (4) a matter in which state law predominates." *Smith*, 2006 U.S. Dist. LEXIS 68617, 2006 WL 2729282, at 10 (*citing Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 327 (5th Cir. 1998)).

In *Smith*, the court analyzed whether to remand particular state law claims that had been removed in connection with federal claims. *See Smith*, 2006 U.S. Dist. LEXIS 68617, 2006 WL 2729282, at 11. The *Smith* court differentiated between state-law claims that ought to be remanded and those that ought to remain in federal court by looking at how the state claims related to, and the extent of factual overlap with, the federal claims. In determining whether remand is proper, courts consider "the interests of judicial economy, convenience, fairness, and comity." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 328 (5th Cir. 1998).

Remand is proper in this case because it is plain from the Plaintiff's Original Petition (the live pleading in this case) that excluding Plaintiff's FLSA misclassification claim, Plaintiff's petition asserts only state law causes of action regarding independent allegations. Plaintiffs have brought a single federal claim for overtime wages under the FLSA. Plaintiffs have brought a "misclassification" claim under the FLSA for the time period that they worked "inside sales". *See generally*, 29 U.S.C. § 201, et seq.

However, Plaintiffs have also alleged separate and independent state law claims. Plaintiff Arredondo has brought separate claims of assault and battery. Plaintiff Arredondo has also brought separate claims of negligent training, retention and supervision based on Defendant's Portillo's conduct towards her and the failure of Defendant Roofers Supply LLC to train, supervise or discipline Defendant Portillo due to his conduct towards Plaintiff Arredondo. Simply put, the proof required by Plaintiff Arrendondo does not involve "substantially the same facts." Arredondo's claims are based on the inappropriate behavior and conduct by Defendant Portillo. This is not interrelated to Plaintiffs classification as an exempt or nonexempt employee under the FLSA.

All Plaintiffs have brought separate claims of breach of contract based on commissions they are allegedly owed. These are not claims related to their claims for overtime wages which are separate and independent from wages owed under their agreements for commissions with Defendants.

**B.    Separate and independent claims based on State Law Should be Remanded**

In *Eastus v. Blue Bell Creameries*, L.P., 97 F.3d 100 (5th Cir. 1996), and *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320 (5th Cir. 1998), identify that section 1441(c) permits district courts to "remand [an] entire action, federal claims and all, if the state law claims predominate." *Eastus*, 97 F.3d at 106; *see also Metro Ford*, 145 F.3d at 328. In *Eastus*, Greg and

Paige Eastus sued Blue Bell in Texas state court for violation of the federal Family and Medical Leave Act ("FMLA"), intentional infliction of emotional distress, and tortious interference with prospective contractual relations after Greg Eastus lost his job at the company. 97 F.3d at 102-103. Blue Bell removed the case to federal court, and the Eastuses filed a motion to remand the entire case. *Id.* at 103. The district court remanded the state law intentional infliction of emotional distress and tortious interference claims, but not the federal FMLA claim. *Id.*

The Eastuses appealed, arguing that the district court abused its discretion in remanding their state law claims. *Id.* at 104. In considering the appeal, the Court explained that for remand to be proper under section 1441(c), "the claim remanded must be (1) a separate and independent claim or cause of action; (2) joined with a federal question; (3) otherwise non-removable; and (4) a matter in which state law predominates." *Id.* Applying this standard, the Court determined that the intentional infliction of emotional distress claim was not "separate and independent" from their FMLA claim, and accordingly held that "[b]ecause § 1441(c) does not authorize remand of state law claims unless they are separate and independent from the removed federal question claim." *Id.* at 105.

However, the Court reached a different conclusion regarding the tortious interference with prospective contractual relations claim. After determining that the tortious interference claim was "separate and independent" from the FMLA claim, the Court considered the argument that "§ 1441(c) allows remand only when state law predominates as to the entire case" and "because district courts have the power to remand the entire action, they no longer have the power to remand specific causes of action." *Id.* at 106. In rejecting this argument, the Court held that: "[W]e hold that § 1441(c) still allows the district court to remand separate and independent state claims, if state law predominates as to the individual claim. Therefore, § 1441(c) authorized the district court to remand the tortious interference claim." *Id.* at 106-07.

### C. Plaintiff Arredondo has alleged a separate and independent state law claim of assault from the FLSA claim

Plaintiff Arredondo alleges assault against Defendant Portillo for unwanted contact and touching. In paragraph 28 of Plaintiff's Original Petition, Plaintiff Arredondo alleges the following:

> 28. Defendant Portillo is liable because he committed common law assault by intentionally placing Plaintiff Arredondo in a reasonable apprehension of physical injury. Alternatively, and without waiving the other claims, Defendant Portillo is also liable because he committed common law battery by intentionally engaging in an act that resulted in harmful or offensive contact with Plaintiff Arredondo. Defendants are liable to Plaintiffs for actual damages.

*See* Plaintiff's Original Petition, paragraph 28, attached as Exhibit A of Defendant Portillo's Notice of Removal.

There are three varieties of assault and battery claims under Texas law: (1) intentionally, knowingly, or recklessly causing bodily injury to another; (2) intentionally or knowingly threatening another with imminent bodily injury; or (3) intentionally or knowingly causing physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative. *Hall v. Sonic Drive-In of Angleton, Inc.*, 177 S.W. 3d 636, 649-50 (Tex. App. Houston [1st Dist.], 2005, pet. denied).

These claims undisputedly have nothing to do with any overtime claims brought by each of the Plaintiffs. This state law claim only involves claims of inappropriate touching and alleged battery between Plaintiff Arredondo and Defendant Portillo.

### D. Plaintiff Arredondo has alleged a separate and independent state law claim of negligent training, retention and supervision from the FLSA claim

Plaintiff Arredondo alleges assault against Defendant Portillo for unwanted contact and touching. In paragraph 29 of Plaintiff's Original Petition, Plaintiff Arredondo alleges the following:

> "29. Alternatively, and without waiving the foregoing, Plaintiff alleges that his injuries and damages were proximately caused by the negligent conduct of Defendant. Plaintiff's damages were proximately caused by one or more of the following acts or omissions on the part of Defendant:

  a. Negligent training of employees independently but not direct to Defendant Portillo.
  b. Failure to control Defendant Portillo.
  c. Failing to supervise Defendant Portillo.
  d. Failing to counsel Defendant Portillo.
  e. Allowing Defendant Portillo to work without supervision when they knew of his propensities against other employees; and
  f. Failing to institute a no tolerance policy.
  g. Other acts of negligence.

One or more of the foregoing acts or omissions of Defendant constituted negligence which negligence was a proximate cause of the injuries to Plaintiff which made the basis of this cause of action. Further, one or more of the foregoing acts or omissions was a proximate cause of the aggravated, enhanced or additional injuries and damages to Plaintiff that would not have been sustained but for one or more of the foregoing acts or omission."

*See* Plaintiff's Original Petition, paragraph 27, attached as Exhibit A of Defendant Portillo's Notice of Removal.

Plaintiff may bring separate claims of negligent training, retention and supervision under Texas law. An employer may be held liable for negligent failing to adequately train and supervisor its employees if the negligence is the proximate cause of Plaintiff Arredondo's injuries. *See Portlock v. Perry*, 852 S.W.2d 578, 583 (Tex.App.—Dallas 1993, writ denied). Importantly, these claims are solely tied to Plaintiff's assault and battery claims. Plaintiff Arredondo alleges that she suffered from assault and battery from Defendant Portillo – then consequently Plaintiff Arredondo claims that Defendant Austin Roofers Supply LLC failed to adequately train, supervise or discipline Defendant Portillo.

Plaintiff Arredondo has brought separate state law claims of assault and battery. Plaintiff Arredondo has also brought separate state law claims of negligent training, retention and supervision based on Defendant's Portillo's conduct towards her and the failure of Defendant Roofers Supply LLC to train, supervise or discipline Defendant Portillo due to his conduct towards Plaintiff Arredondo.

### E. Plaintiffs have alleged a separate and independent state law claim of breach of contract for unpaid commissions from the FLSA claim

Plaintiff Arredondo alleges a breach of contract against Defendant Austin Roofers Supply for owed commissions they each earned. In paragraph 27 of Plaintiff's Original Petition, Plaintiffs allege the following:

> 27.     Defendant RSGRP entered into a contract with Plaintiffs to be sales personnel for Defendant RSGRP for a percentage of the sales, in addition to a set wage. As part of the contract, Defendant was to pay Plaintiff commissions. Plaintiff performed services for Defendant. Defendant have failed and refused to pay Plaintiffs part of the commissions earned by Plaintiffs.

> *See* Plaintiff's Original Petition, paragraph 28, attached as Exhibit A of Defendant Portillo's Notice of Removal.

Under Texas law, Plaintiffs may sue under breach of contract if there is an enforceable agreement, Defendant Roofers Supply LLC breached that agreement and Plaintiff suffered damages. *See generally, Aguiar v. Segal*, 167 S.W.3d 442, 450 (Tex.App.—Houston [14th Dist.] 2005, pet. denied). Here, Plaintiffs have alleged they have an agreement regarding their sales commissions with Defendant Austin Roofers Supply LLC and those agreements were breached when they were not paid their proper commissions on their sales.

These state law actions to recover their commissions are separate and independent from nothing to do with any overtime claims brought by each of the Plaintiffs.

## IV.
## PRAYER

For the above reasons, a partial remand of Plaintiff Arredondo's claims of assault, battery and negligent training, retention and supervision is proper in this case. A partial remand of all Plaintiffs' claims for owed commissions is proper in this case. Plaintiff requests that this Court retain jurisdiction of the Plaintiffs' claims under the FLSA and that the remaining state law claims be severed and remanded to the County Court at Law Number 6, El Paso County, Texas.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this action be remanded

in part, and to other relief, in equity or in law, to which they may be entitled.

                                       Respectfully submitted,

**SCHERR & LEGATE, PLLC**
Attorney for Plaintiffs
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100 voice
(915) 532-1759 facsimile


/s/ Raymond D. Martinez
**RAYMOND D. MARTINEZ**
Tex. Bar No. 24002537


## CERTIFICATE OF CONFERENCE

The undersigned attorney hereby certifies that he has conferred with opposing counsel regarding this Motion for Remand, and they are opposed to the relief requested herein.

/s/ Raymond D. Martinez
**RAYMOND D. MARTINEZ**
Tex. Bar No. 24002537

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was electronically filed on the 7th day of May 2009 in compliance with the Court's Standing Order Designating Case for Enrollment in the Electronic Case Filing "ECF" System, and has been served on all Parties who have consented to electronic service and all other Parties by regular mail.

Alejandro Acosta, Jr.
Ricardo Ortiz
PO Box 1649
El Paso, Texas 79949

Arthur V. Lambert
1601 Elm Street
3700 Thanksgiving Tower
Dallas, Texas 75201

                                       /s/Raymond D. Martinez
                                       **RAYMOND D. MARTINEZ**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JAVIER SAENZ, JORGE JUAREZ, and REBECCA ARREDONDO, | § § § § § § § § § § § § § § | |
| Plaintiffs, | | |
| vs. | | CIVIL ACTION NO. EP 09 CV 0132 |
| AUSTIN ROOFERS SUPPLY, LLC d/b/a RSGRP AUSTIN, LTD and d/b/a ROOFING SUPPLY GROUP and ARTURO PORTILLO, | | |
| Defendants. | | |

## ORDER FOR PLAINTIFFS' MOTION FOR PARTIAL REMAND AND BRIEF IN SUPPORT

On this day came to be considered the Plaintiffs' Motion for Partial Remand and Brief in Support submitted by Plaintiffs Javier Saenz, Jorge Juarez and Rebecca Arredondo.

IT IS, THEREFORE, ORDERED, that Plaintiffs' Motion for Partial Remand and Brief in Support in the above-entitled and numbered cause be **GRANTED**.

SIGNED this _____ day of _____, 2009.

_____
U.S. DISTRICT COURT JUDGE