## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| JAVIER SAENZ, JORGE JUAREZ, | § | |
| and REBECCA ARREDONDO, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| vs. | § | **CIVIL ACTION NO. EP 09 CV 0132** |
| | § | |
| AUSTIN ROOFERS SUPPLY, LLC | § | |
| d/b/a RSGRP AUSTIN, LTD and | § | |
| d/b/a ROOFING SUPPLY GROUP and | § | |
| ARTURO PORTILLO, | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR PARTIAL REMAND

Plaintiffs Javier Saenz, Jorge Juarez and Rebecca Arredondo hereby file their Reply in support of their Motion for Partial Remand, asking that the separate state law claims of breach of contract, assault, battery, and negligent retention, supervision and training are remanded back to state court.

## I.
## ARGUMENT

### A.    Plaintiff cited cases support Plaintiffs' Motion for Partial Remand

Plaintiff cited authority to discuss the ability and discretion for this Court to remand state law causes of action.  Plaintiff is not requesting the entire action be remanded.  In fact, in their Partial Motion for Remand, Plaintiffs make a specific point to include only those state law claims that are: 1) related to Rebecca Arredondo's assault/negligence claims; and 2) Plaintiffs' claims for unpaid commissions.   All cases cited by Plaintiff remain good law for the position that the Court may partially remand separate and state law claims alleged by Plaintiffs.[1]

---

[1] It is clear that the issue presented in *Poche v. Texas Air Corps. Inc. d/b/a Cert. Emergency Services*, 549 F.3d 999 (5th Cir. 2008) was "does 28 U.S.C. § 1441 (c) permit a district court to remand federal claims conferring removal jurisdiction where those claims are part of a case 'predominated' by state law".  Here, that issue is not presented to the Court for consideration as Plaintiffs have filed a *Partial* Motion to Remand – they are not requesting a remand of

**PLAINTIFF'S MOTION FOR REMAND – Page 1**

**B.     Partial Remand is appropriate for Plaintiffs' Breach of Contract Claims and Plaintiff Arredondo assault/negligence claims[2]**

This partial remand is being requested because  1) Plaintiff Arredondo filed a separate state law claim of assault against Defendant Arturo Portillo; 2) Plaintiff Arredondo filed separate state law claims of negligent training, supervision and retention against Defendant Austin Roofers Supply LLC related to the alleged assault and battery committed by Defendant Arturo Portillo; and 3) all Plaintiffs have filed separate state law claims of breach of contract based on commissions owed (unrelated to their misclassification claims) against Defendant Austin Roofers Supply LLC.    These claims are separate and independent from Plaintiffs' misclassification claims under the Fair Labor Standards Act.

Given that Plaintiffs' claims under the Fair Labor Standards Act ("FLSA") provide a proper basis for removal of this case, the question then becomes whether Plaintiffs' state law claims described above are "separate and independent" from their FLSA claim, thus allowing for remand of the alleged state law claims of breach of contract, assault, battery, and negligent retention, supervision and training.  In *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 95 L. Ed. 702, 71 S. Ct. 534 (1951), the Supreme Court set out a description of what constitutes a separate and independent claim. The Court held that "where there is a single wrong to the plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action...." *Finn*, 341 U.S. at 14. Moore's Federal Practice describes separate and independent claims as follows:

Where a single plaintiff, because of a common question of law or fact, joins in the same complaint multiple claims against several defendants who have individually acted in such a manner that each has invaded a separate right of the plaintiff and thereby caused as many wrongs, such claims are separate and independent for removal purposes.

---

their misclassification claims under the FLSA.
    [2] It also has to be assumed Defendants concede that Plaintiff Arredondo assault/negligence claims are separate and distinct.  They are not even addressed in Defendant's Response.

---

1A James WM. Moore et al., Moore's Federal Practice P 0.163[2], p.316.1 (2d ed. 1996).

Applying the *Finn* analysis to the present case, Plaintiffs urge that their complaint seeks compensation for different wrongs – first, the wrong caused by misclassification of their exempt status under the FLSA, and second, the wrongs alleged under state law.

The wrong alleged under the FLSA is decided by looking at the Defendant Austin Roofer Supply's classification of Plaintiffs as exempt or nonexempt.  Certainly their damages will be determined by looking at their "rate of pay" as suggested by the Defendants.  Defendant's Response, p. 4, fn. 14.  However, their alleged damages under the FLSA also include liquidated damages and attorneys fees.  All of which are irrelevant to the analysis of whether FLSA claims are separate and independent from Plaintiffs' contract claims for unpaid commissions.   The misclassification of Plaintiffs as exempt employees also has nothing to do Plaintiff Arredondo's assault and negligence claims.

Importantly, Defendant cites no facts or factual allegations contained in Plaintiff's Original Petition but merely describes them as "Defendant's alleged recurring underpayments of wages to Plaintiffs and the hours they worked for Defendant."  Defendant's Response, p. 1.  Unfortunately, this mischaracterization misses the distinct and separate claims alleged by Plaintiffs.

In summary:

1)      Defendant Austin Roofer Supply misclassified Plaintiffs as exempt employees under the FLSA;

2)      Defendant Austin Roofer Supply did not pay Plaintiffs everything owed under their compensation agreements with Defendant under state law; and

3)      Defendant Portillo committed assault and battery against Plaintiff Arredondo under state law.  Defendant Austin Roofers Supply's liability under Plaintiff Arredondo's

negligence claims derive from Defendant Portillo's actions <u>under state law</u>.

These claims involve distinct acts by different defendants. Moreover, the independent nature of these alleged wrongs is further highlighted by the fact that neither claim is contingent upon the other. It is entirely possible for the plaintiff to establish that Defendant Austin Roofers Supply misclassified each as an exempt employee, yet still maintain a separate contract action for unpaid commissions against the same Defendant. By the same analysis, the trier of fact could conclude that Defendant Austin Roofers Supply properly classified a plaintiff as exempt, yet still find that the same employer did not properly compensate said plaintiff under his/her compensation agreement. The proof, defenses, and even the parties in each claim are completely different. In short, Plaintiffs' FLSA claims and contract claims fit squarely within the *Finn* description of separate and independent claims. Accordingly, partial remand of the contract and assault/negligence claims are is proper.

## II.
## <u>PRAYER</u>

For the above reasons, a partial remand of Plaintiff Arredondo's claims of assault, battery and negligent training, retention and supervision is proper in this case.   A partial remand of all Plaintiffs' claims for owed commissions is proper in this case.  Plaintiffs request that this Court retain jurisdiction of the Plaintiffs' claims under the FLSA and that the remaining state law claims be severed and remanded to the County Court at Law Number 6, El Paso County, Texas.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this action be remanded in part, and to other relief, in equity or in law, to which they may be entitled.

Respectfully submitted,

**SCHERR & LEGATE, PLLC**
Attorney for Plaintiffs
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100 voice
(915) 532-1759 facsimile


/s/ Raymond D. Martinez
**RAYMOND D. MARTINEZ**
Tex. Bar No. 24002537

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was electronically filed on the 7th day of May 2009 in compliance with the Court's Standing Order Designating Case for Enrollment in the Electronic Case Filing "ECF" System, and has been served on all Parties who have consented to electronic service and all other Parties by regular mail.

Alejandro Acosta, Jr.
Ricardo Ortiz
PO Box 1649
El Paso, Texas 79949

Arthur V. Lambert
1601 Elm Street
3700 Thanksgiving Tower
Dallas, Texas 75201

Henry J. Paoli
1100 Chase Tower
201 East Main
El Paso, TX 79901

/s/Raymond D. Martinez
**RAYMOND D. MARTINEZ**